UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES

v.                                    Case No.: 8:19-cr-298-VMC-SPF

ALI HUSSEIN SALAMEY
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Ali Hussein Salamey's Motion to Vacate, Set Aside, and Cancel the Magistrate Judge's Orders (Doc. # 200), filed on December 13, 2021. The United States did not respond and the time to do so has passed. For the reasons that follow, the Motion is granted.

I.   **Background**[1]

On July 23, 2019, Salamey was indicted on a charge of removing a child from the United States with the intent to obstruct the lawful exercise of another person's parental rights, in violation of 18 U.S.C. § 1204. (Doc. # 12). According to the Government, Salamey and R.S. are the

---

[1] Many of the underlying facts of this case, including Salamey's time spent in state custody on related state charges and the various continuances granted by this Court, are well known to the parties and the Court.  In the interest of efficiency, then, this Order sets out only the facts necessary for resolution of the Motion.

biological parents of a child. (Doc. # 52 at 2). Following
their separation, the parents engaged in a custody dispute.
(Id.). The Government alleges that Salamey took the child to
Lebanon in August 2018 in violation of court orders and
without the consent of the child's mother. (Id. at 4).

In September 2020, the Government moved to take the
deposition of Susan Plott, a United States Department of State
employee on assignment to China, via videoconference pursuant
to Federal Rule of Criminal Procedure 15. (Doc. # 134). The
Government argued that "travel restrictions and health
concerns caused by the COVID-19 pandemic" necessitated taking
Ms. Plott's deposition before trial over videoconference.
(Id. at 1). At that time, Salamey did not oppose the
Government's request. (Id.).

On September 17, 2020, United States Magistrate Judge
Sean P. Flynn granted the Government's motion, finding that
logistical travel barriers and health concerns related to the
COVID-19 pandemic rendered Ms. Plott "unavailable" to testify
at Salamey's trial – which was then scheduled for October
2020 – that her testimony was material, and that no
countervailing factors rendered taking the deposition unjust
to Salamey. (Doc. # 138).

The record reflects that Ms. Plott was scheduled to have her deposition taken by videoconference in December 2020 but, because the Marshals Service did not produce Salamey on the date of the deposition, the deposition did not go forward. (Doc. # 189 at 3).

In November 2021, Salamey filed a document with the Court withdrawing his consent to Ms. Plott's deposition and instead lodging an objection to it (the "Objection"). (Doc. # 196). Salamey argued that the travel ban that was in place in September 2020 was no longer in effect and further argued that his Sixth Amendment right to confrontation would be violated by the taking of a foreign deposition. (Id.). Salamey therefore requested that Judge Flynn vacate his prior order authorizing the Rule 15 deposition of Ms. Plott.

On December 2, 2021, Judge Flynn entered an order striking Salamey's Objection in part for failure to comply with Court rules. (Doc. # 198). Judge Flynn's order further held that, even if properly presented to the Court, Salamey's request would be denied because "[t]he ongoing and constantly changing pandemic continues to create exceptional circumstances and the interests of justice require the witness to be deposed in order to preserve testimony." (Id.).

On December 13, 2021, Salamey filed the instant Motion asking this Court to "vacate, set aside, and cancel" Judge Flynn's September 17, 2020 order and his December 2, 2021 order. (Doc. # 200). The Government has not filed a response, and the time for doing so has now passed. The Court thus considers the Motion to be unopposed, and it is ripe for review. See Local Rule 3.01(c), M.D. Fla.

## II.  Legal Standard

The Court construes this Motion as an objection brought under Federal Rule of Criminal Procedure 59, which provides that a party may "serve and file objections to [an order entered by a magistrate judge] within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets." Fed. R. Crim. P. 59(a). "The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Id.

As an initial matter, Salamey's Motion is timely with respect to Judge Flynn's December 2, 2021, order (Doc. # 198) but is not timely with respect to his September 17, 2020 order (Doc. # 138). However, given the procedural history of this case and the fact that the December 2021 order relates closely

4

to the September 2020 order, the Court finds that it is appropriate and just to consider both of those orders.[2]

Turning now to the substantive Rule at issue here, Federal Rule of Criminal Procedure 15 authorizes a pretrial deposition "in order to preserve testimony for trial." Fed. R. Crim. P. 15(a)(1). Such depositions should be authorized only in "exceptional circumstances and in the interest of justice." Id. Importantly, an order authorizing a deposition to be taken under Rule 15 "does not determine its admissibility. A party may use all or part of a deposition as provided by the Federal Rules of Evidence." Fed. R. Crim. P. 15(f).

The burden is on the moving party to establish exceptional circumstances justifying the taking of depositions. United States v. Drogoul, 1 F.3d 1546, 1552 (11th Cir. 1993). Whether to authorize depositions is a decision committed to the discretion of the district court. Id. The Eleventh Circuit has explained that three factors guide the exceptional circumstances analysis: whether (1) the

---

[2] The Court is cognizant of the fact that review by the district court is a necessary prerequisite to further appellate review. See United States v. Bostic, 736 F. App'x 228, 230 (11th Cir. 2018) ("We have further held that we lack jurisdiction to review a magistrate judge's order if the defendant does not first seek review by the district court.").

witness is unavailable to testify at trial; (2) injustice will result because testimony material to the movant's case will be absent; and (3) countervailing factors render taking the deposition unjust to the nonmoving party. Id. at 1554.

### III. **Analysis**

#### A. **Is the witness unavailable?**

A potential witness is unavailable for purposes of Rule 15(a) when a "substantial likelihood exists that the proposed deponent will not testify at trial." Drogoul, 1 F.3d at 1553. This showing can be made through the introduction of affidavits, or simply through in-court representations by counsel. Id.

In September 2020, Judge Flynn concluded – and the parties agreed at that time – that Ms. Plott was "unavailable" within the meaning of Rule 15 due to the COVID-19 pandemic and travel restrictions then in place between China and the United States because of the pandemic. (Doc. # 138 at 2-3). Those conditions included the following:

- In response to counsel's inquiries about arranging for Ms. Plott's return to the United States for the purpose of testifying at the October 2020 trial, State Department personnel "advised that returning Plott to the United States is problematic given the current logistical barriers" due to Covid 19. More specifically, "State Department personnel in China advised that extensive testing, quarantine, and

protocol issues prevent regular commercial travel to China, and diplomatic personnel can only travel to China via chartered flights."

- The United States asserted that the State Department generally advises U.S. citizens to avoid international travel due to Covid-19, and had specifically placed a "Level 4: Do Not Travel" advisory on China—its highest level of travel advisory. "This advisory notes that the Chinese government has imposed various travel restrictions and testing/ quarantine requirements on travelers, that most commercial air carriers have reduced or suspended routes to and from China, and that travelers should be prepared for flight cancellations or delays with little or no advance notice."

(Id.).

As Salamey points out in his Motion, circumstances now are materially different than they were in September 2020. Vaccines are now readily available to the public and have been for many months. Furthermore, the United States Embassy in China now authorizes travel for U.S. citizens, regardless of their vaccination status, if they provide proof of a negative COVD-19 test and, if applicable, proof of vaccination. (Doc. # 196-2). And although China was previously on a Level 4 alert – meaning that the United States government warned against travel to China – with respect to COVID-19 risk, the U.S. Centers for Disease Control ("CDC") now has China listed as a Level 1, or low risk, country. See

CDC    China    Travel    Advisory,    available    at
https://wwwnc.cdc.gov/travel/notices/covid-1/novel-
coronavirus-china, last accessed on January 2, 2022.

The Government has not rebutted Salamey's contentions
about the lifting of the travel ban between China and the
United States, nor has it provided the Court with any
additional information as to why Ms. Plott would be unable to
travel to the United States in March 2022 to testify in person
at trial, despite having the opportunity to do so. Under these
circumstances, the Court finds that Ms. Plott is no longer
"unavailable" to testify within the meaning of Rule 15.

**B.    Is the testimony material?**

"The principal consideration guiding whether the absence
of a particular witness's testimony would produce injustice
is the materiality of that testimony to the case." Drogoul,
1 F.3d at 1552 (citation omitted). Salamey does not contend
in his Motion that Ms. Plott's testimony is not material. For
the reasons stated in the Government's original motion and
Judge Flynn's September 17, 2020 order, Plott's testimony
remains material.  The Court sees no reason to overturn Judge
Flynn's prior finding on that point.

C. **Would countervailing factors render taking the
deposition unjust to Salamey?**

The Sixth Amendment provides: "In all criminal
prosecutions, the accused shall enjoy the right . . . to be
confronted with the witnesses against him." U.S. Const.
amend. VI. This clause, known as the Confrontation Clause,
"guarantees the defendant a face-to-face meeting with
witnesses appearing before the trier of fact." Coy v.
Iowa, 487 U.S. 1012, 1016 (1988); see also Fed. R. Crim. P.
26 ("In every trial the testimony of witnesses must be taken
in open court[.]"). This right to a physical face-to-face
meeting, however, is not absolute and may be compromised under
limited circumstances where "considerations of public policy
and necessities of the case" so dictate. Maryland v.
Craig, 497 U.S. 836 848 (1990).

Depositions are generally disfavored in criminal cases.
United States v. Mueller, 74 F.3d 1152, 1156 (11th Cir. 1996).
"Since deposition testimony is not subject to cross-
examination to the same extent as trial testimony, its use is
appropriate only in exceptional circumstances where the
moving party has demonstrated through affidavits or otherwise
that the witness is unavailable for trial and that the absence
of such testimony would result in an injustice." United States

v. Alvarez, 837 F.2d 1024, 1029 (11th Cir. 1988). Moreover, "[f]oreign deposition testimony, because of the absence of a sanction for perjury, is suspect." Id. Thus, foreign depositions are only authorized "when doing so is necessary to achieve justice and may be done consistent with the defendant's constitutional rights." Mueller, 74 F.3d at 1156. As for testimony presented through two-way video conferencing technology, the Eleventh Circuit has acknowledged that "[t]he simple truth is that confrontation through a video monitor is not the same as physical face-to-face confrontation. As our sister circuits have recognized, the two are not constitutionally equivalent." United States v. Yates, 438 F.3d 1307, 1315 (11th Cir. 2006) (citing United States v. Bordeaux, 400 F.3d 548, 554–55 (8th Cir. 2005)).

Unlike in September 2020, when Judge Flynn first granted the Government's unopposed motion for a Rule 15 deposition in this matter, Salamey is now asserting his right to confront Ms. Plott face to face through live trial testimony. It is his constitutional right to do so. Given that, for the reasons explained above, Ms. Plott is no longer "unavailable" to testify at Salamey's trial, the Court does not believe that the convenience of the witness or the Government should trump Salamey's rights under the Sixth Amendment.

10

In sum, although the Court agrees that Judge Flynn's granting of the Government's motion in September 2020 was warranted, two key factors have changed in the intervening 15 months. First, due to vaccines and the easing of travel restrictions between China and the United States, Ms. Plott is no longer unavailable to testify at Salamey's trial. Second, Salamey no longer consents to the taking of the Rule 15 foreign deposition and instead wishes to assert his Sixth Amendment right to confrontation. Given this, the Court finds it appropriate to set aside the orders entered by Judge Flynn on September 17, 2020 and December 2, 2021 (Doc. ## 138, 198). If the Government wishes Ms. Plott to testify as a witness for the prosecution, it will have to produce her in person at trial.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant Ali Hussein Salamey's Motion to Vacate, Set Aside, and Cancel the Magistrate Judge's Orders (Doc. # 200) is **GRANTED.** The Court hereby sets aside the orders entered by the magistrate judge on September 17, 2020 and December 2, 2021 (Doc. ## 138, 198).

11

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>4th</u>

day of January, 2022.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE